[Civ. No. 2123. Third Appellate District.—August 30, 1920.]

ALEX HOLMGREN, Appellant, v. LUIS D. MADALENA, Respondent.

[1] APPEAL—ACTION FOR ASSAULT—EVIDENCE—PRESUMPTION. — Upon an appeal upon the judgment-roll alone from a judgment, entered upon a verdict of the jury, in favor of the defendant in an action for assault, in which the defendant denied all the material allegations of the complaint and pleaded that he committed the act complained of in defense of his person and property, the evidence not being before the appellate court, it must be conclusively presumed that the jury did its duty and that there was ample and sufficient evidence to warrant the verdict.

APPEAL from a judgment of the Superior Court of Plumas County. J. O. Moncur, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. A. Kelley for Appellant.

L. H. Hughes for Respondent.

NICOL, P. J., *pro tem.*—This is an appeal by plaintiff upon the judgment-roll alone from a judgment in favor of defendant.

[1] The action grew out of an alleged assault on plaintiff by defendant, as the result of which he lost the sight of his right eye. The case was tried before the superior court of the county of Plumas, with a jury, and the trial culminated in a verdict for the defendant.

The complaint alleges that the defendant wrongfully and unlawfully committed an assault upon the person of plaintiff and wrongfully in the commission of such assault struck plaintiff in the right eye and thereby destroyed the sight of said eye and rendered plaintiff permanently blind in said eye to plaintiff's damage in the sum of four thousand dollars; that by reason of said assault and injury committed as aforesaid plaintiff has incurred an indebtedness of three hundred dollars for and on account of medical attention and treatment; that the said assault was wrongful, unlawful, violent, and malicious. Plaintiff demanded judgment for the above-mentioned items, together with the sum of two thousand dollars for exemplary damages and costs of suit.

A demurrer to the complaint having been overruled, the defendant answered and denied all the material allegations of the complaint and set up the affirmative defense that "the plaintiff while crazed from the excessive use of intoxicating liquors first threatened and assaulted defendant, who thereupon necessarily committed the act complained of in defense of his person and property."

The evidence in the case is not before us and it must be conclusively presumed on this appeal that the jury did its duty and that there was ample and sufficient evidence to warrant the verdict.

The case is before us on the judgment-roll alone and there is no error in said judgment-roll.

The judgment appealed from is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 26, 1920.

All the Justices concurred.